UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LAWRENCE ADAMS, and
MINNIE ADAMS,

                        Plaintiffs,

v.                                                  Case No. 6:07-cv-576-Orl-19JGG

CITY OF ORLANDO CODE
ENFORCEMENT BOARD, CITY
OF ORLANDO, and MAYOR
BUDDY DYER,

                        Defendants.
_____

## ORDER

This case comes before the Court on the Motion to Dismiss with Prejudice Official Capacity Claims Made Pursuant to 42 U.S.C. Section 1983, filed by Defendant Buddy Dyer on April 4, 2007. (Doc. No. 5).

### Background

The instant action was removed to this Court on April 4, 2007. (Doc. No. 1). In the Complaint, Plaintiffs assert a cause of action against the City of Orlando, the City of Orlando Code Enforcement Board, and City of Orlando Mayor, Buddy Dyer, seeking declaratory and injunctive relief and damages for a violation of Florida law and Title 42, United States Code Section 1983. (*See generally* Doc. No. 2, filed on April 4, 2007). Defendant Dyer is sued in both his official and individual capacities. (*Id*. at ¶ 3). As the instant motion before the Court deals solely with the legal issue of dismissal of official capacity claims against local

government officials, the Court will omit discussion of the remaining factual allegations of the Complaint.

## Standard of Review

For the purposes of a motion to dismiss for failure to state a claim, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn therefrom. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached to it as exhibits. *Fed R. Civ. P.* 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Although copies of this motion were mailed to Plaintiffs' counsel on April 4, 2007, Plaintiffs have not filed a brief in opposition as required under Local Rule 3.01(b). Failure to oppose a motion to dismiss raises an inference that there is no objection to such motion. *See* Local Rule 3.01; *Freshwater v. Shiver*, Case No. 6:05-cv-756; 2005 WL 2077306, at *2 (M.D. Fla. Aug. 29, 2005).

## Analysis

Defendants argue that the Section 1983 claims against Defendant Dyer in his official capacity must be dismissed with prejudice as duplicative, unnecessary, and confusing to the finder of fact. (Doc. No. 5, p. 2). The Court agrees. As the United States Court of Appeals

for the Eleventh Circuit has instructed, "[b]ecause suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)).  In the instant case, Plaintiffs have sued the municipality directly in the Complaint.  As with *Busby*, to keep both the City and the officer sued in his individual capacity as Defendants would be redundant and unnecessary.  *Busby*, 931 F.2d at 776.

Thus, the Court will dismiss the Section 1983 claims against Defendant Dyer in his official capacity, as the local governmental unit was sued directly in the Complaint and remains a Defendant in the instant case.  *Id*. at 776.  Defendant Dyer will remain a Defendant in the case at bar on such claims solely in his individual capacity.

## **Conclusion**

For the foregoing reasons, the Motion to Dismiss with Prejudice Official Capacity Claims Made Pursuant to 42 U.S.C. Section 1983, filed by Defendant Buddy Dyer on April 4, 2007, (Doc. No. 5), is **GRANTED**.

Dated this 26th day of April, 2007.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record